IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROBERT MARSHALL, ) | |
| ) | |
|    Petitioner, ) | |
| ) | Civil Action No. |
| v. ) | 2:16-cv-477-WKW-CSC |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
|    Respondent. ) | |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Robert Marshall is before the Court on what he styles as a "Motion to Reopen Pursuant to Federal Rule of Civil Procedure Rule 60(b)(6)," asking this Court to reopen its June 2018 judgment denying his 28 U.S.C. § 2255 motion. Doc. 61.

### I. BACKGROUND

In February 2013, a jury found Marshall guilty of conspiracy to distribute cocaine and using a communication facility to facilitate the conspiracy. In June 2013, the district court sentenced Marshall to 300 months in prison. Marshall appealed, and the Eleventh Circuit affirmed his conviction and sentence in June 2015.

In June 2016, Marshall filed a § 2255 motion presenting several claims of ineffective assistance of counsel, including a claim that his counsel was ineffective for failing to investigate one of the prior convictions used to classify him as a career offender at sentencing. Doc. 1. The magistrate judge entered a recommendation finding that all of Marshall's ineffective-assistance claims lacked merit and recommending that his § 2255 motion be denied. Doc. 42. On June 29, 2018, the district court entered an opinion and

order adopting the magistrate judge's recommendation and entered a judgment denying Marshall's § 2255 motion and dismissing the case with prejudice. Docs. 44, 45. Marshall appealed, and the Eleventh Circuit denied his application for a certificate of appealability. The U.S. Supreme Court denied certiorari review.

In his self-styled Rule 60(b)(6) motion Marshall asserts that he has new evidence to support the claim in his § 2255 motion that his counsel was ineffective for failing to investigate one of the prior convictions used to classify him as a career offender. Doc. 61 at 1–5. Marshall claimed in his § 2255 motion that the prior conviction was too stale to be counted for career offender status. *See* Doc. 2 at 34–37. Marshall says he has new evidence to prove staleness, which he says his counsel should have discovered and argued at his sentencing. Doc. 61 at 2–5. He maintains that the judgment denying his § 2255 motion should be reopened and that, if his ineffective-assistance-of-counsel claim is reassessed considering his new evidence, he is entitled to have his sentence vacated. According to Marshall, the new evidence proves that the claim in his 2255 motion was meritorious.

For the reasons that follow, the Court finds that Marshall's self-styled Rule 60(b)(6) motion constitutes a successive § 2255 motion filed without the required appellate court authorization. And without that authorization, this Court lacks jurisdiction to consider the merits of the successive § 2255 motion.

## II.  DISCUSSION

"Federal Rule of Civil Procedure 60 provides a basis, but only a limited basis, for a party to seek relief from a final judgment in a habeas case." *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007). Rule 60, like all Federal Rules of Civil Procedure, applies

only to civil actions and proceedings in the United States District Court.[1] *See* Fed. R. Civ. P. 1. Rule 60 provides no vehicle for relief from a judgment in a criminal case. *See United States v. Fair*, 326 F.3d 1317 (11th Cir. 2003); *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998).

The U.S. Supreme Court explained in *Gonzalez v. Crosby*, 545 U.S. 524 (2005), that the Federal Rules of Civil Procedure apply to habeas proceedings to the extent they are "not inconsistent with applicable federal statutory provisions," *id.* at 529 (internal marks omitted), and that the Antiterrorism and Effective Death Penalty Act ("AEDPA") does not explicitly limit the operation of Rule 60(b). *Id*. The Act does, nonetheless, foreclose application of that rule where it would contravene the AEDPA's restrictions on successive petitions. *Id*. at 529–30. Although *Gonzalez* addressed this issue in the context of petitions for writ of habeas corpus under 28 U.S.C. § 2254, *see* 545 U.S. at 529 n.3, the Eleventh Circuit has stated that the holding and rationale of *Gonzalez* apply equally to proceedings under 28 U.S.C. § 2255. *United States v. Terrell*, 141 F. App'x 849, 851 (11th Cir. 2005); *see Galatolo v. United States*, 394 F. App'x 670, 672 (11th Cir. 2010). Accordingly, for the sake of clarity and simplicity, where the principles addressed by *Gonzalez* are referred to and discussed herein, this Recommendation uses nomenclature appropriate to motions for relief under § 2255.

---

[1] Federal Rule of Civil Procedure 60(b) permits a litigant to move for relief from an otherwise final judgment in a civil case. Rule 60(b) provides, in sum, the following six bases for relief: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b).

"[W]hen faced with what purports to be a Rule 60(b) motion . . . federal courts must determine if it really is such a motion or if it is instead a second or successive application for habeas relief in disguise." *Moreland v. Robinson*, 813 F.3d 315, 322 (6th Cir. 2016) (citing *Gonzalez*, 545 U.S. at 530–31). When a federal inmate brings a motion under Rule 60(b), the district court may construe it as a 28 U.S.C. § 2255 motion and, if applicable, treat it as an unauthorized second or successive motion. *See Galatolo*, 394 F. App'x at 671. If the nominal Rule 60(b) motion is properly construed as a second or successive § 2255 motion, and the petitioner has failed to obtain authorization from the court of appeals, the district court lacks subject matter jurisdiction on the merits of any claims. *Id*.

In *Gonzalez,* 545 U.S. at 531–32, the Supreme Court provided guidance on how claims in a Rule 60(b) motion should be construed where the petitioner has filed a previous § 2255 motion that has been denied. If the Rule 60(b) motion (1) seeks to add a new claim for relief from the underlying judgment of conviction, or (2) attacks the federal court's previous resolution of a § 2255 claim on the merits, then the court should construe the Rule 60(b) motion as a second or successive § 2255 motion attacking the conviction and sentence, and dismiss it accordingly. *Id*. at 532. A "claim," as described by the Court in *Gonzalez*, is "an asserted federal basis for relief from a . . . judgment of conviction." *Id*. at 530. Under *Gonzalez*, no "claim" is asserted when a Rule 60(b) motion attacks neither the underlying judgment of conviction nor the substance of the federal court's resolution of a claim on the merits, but rather attacks "some defect in the integrity of the federal habeas proceedings." *Id*. at 532–33. A Rule 60(b) motion can properly be used to attack a true "defect in the integrity of the federal habeas proceedings," *id.* at 532, or to "assert[ ] that a

4

previous [habeas] ruling which precluded a merits determination was in error," *id*. at 532 n.4. Such motions can be ruled on by the district court without the pre-certification from the court of appeals ordinarily required for a second or successive § 2255 motion.[2] *Id.* at 538; *see Galatolo*, 394 F. App'x at 672.

Marshall's present claim about new evidence to support his ineffective-assistance-of-counsel claim amounts to a reassertion of his claim in his § 2255 motion that his counsel was ineffective for failing to investigate one of the prior convictions used to classify him as a career offender. In his § 2255 motion, Marshall argued that the prior conviction was too stale to be considered in determining his career offender status. He now says he has new, additional evidence to support the staleness argument underlying his ineffective-assistance-of-counsel claim.[3] This constitutes an attack on the Court's previous resolution of the § 2255 claim on the merits and an attempt to relitigate that claim. Consequently,

---

[2] The AEDPA provides that, to file a second or successive § 2255 motion in the district court, the movant must first move in the appropriate court of appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A). The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255(h). A district court lacks the jurisdiction to consider a successive § 2255 motion where the movant has failed to obtain permission from the appellate court to file a successive motion. *See, e.g., Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).

[3] The Court observes that Marshall's "new evidence" does not support his staleness argument. The Court rejected the argument in Marshall's § 2255 motion because it was clear from the record that Marshall was incarcerated on the prior conviction within 15 years of his commencement of his offense of conviction, and thus the prior conviction was not "stale" and could be considered for determining career offender status. Doc. 42 at 20–23. *See* U.S.S.G. § 4A1.2(e)(1); U.S.S.G. § 4B1.2 cmt. n.3. Marshall's asserted new evidence fails to show that he was not incarcerated on the prior conviction within 15 years of his commencement of his offense of conviction.

under *Gonzalez*, Marshall's self-styled Rule 60(b)(6) motion must be construed as a successive § 2255 motion. *See* 545 U.S. at 532.

The bar on unauthorized successive § 2255 motions is jurisdictional. *See In re Morgan*, 717 F.3d 1186, 1193 (11th Cir. 2013). Because Marshall has obtained no certification from the Eleventh Circuit authorizing this Court to proceed on a successive § 2255 motion, his successive § 2255 motion should be dismissed for lack of jurisdiction. *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Marshall's nominal Rule 60(b)(6) motion be DISMISSED for lack of jurisdiction because it constitutes a successive § 2255 motion filed without the required appellate court authorization.

It is further

ORDERED that the parties shall file any objections to this Recommendation by **May 24, 2022**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party fr*om a de novo determination* by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v.*

*Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc*., 667 F.2d 33 (11th Cir. 1982*). See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 10th day of May, 2022.

                     /s/ Charles S. Coody
                     CHARLES S. COODY
                     UNITED STATES MAGISTRATE JUDGE