IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ROBERT MARSHALL,                    )
                                    )
          Petitioner,               )
                                    )
     v.                             )          CASE NO. 2:16-CV-477-WKW
                                    )                    [WO]
UNITED STATES OF AMERICA,           )
                                    )
          Respondent.               )

## ORDER

Before the court is Petitioner Robert Marshall's motion for leave to appeal *in forma pauperis* (IFP).  (Doc. # 76.)  28 U.S.C. § 1915(a) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  In making this determination as to good faith, the court must use an objective standard, such as whether the appeal is "frivolous," *Coppedge v. United States*, 369 U.S. 438, 445 (1962), or "has no substantive merit," *United States v. Bottoson*, 644 F.2d 1174, 1176 (5th Cir. Unit B May 1981) (per curiam).  Applying this standard, the court finds that Marshall's appeal is without a legal or factual basis and, accordingly, is frivolous and not taken in good faith.  *See Rudolph v. Allen*, 666 F.2d 519, 520 (11th Cir. 1982) (per curiam).  Accordingly, it is ORDERED that Marshall's *pro se* motion for leave to appeal IFP (Doc. # 76) is DENIED.

Based on the foregoing, Marshall is required, under 28 U.S.C. § 1915, to pay the $505.00 fee for filing his notice of appeal.  It is, therefore, ORDERED that:

(1)     If the funds in Marshall's prison account exceed $505.00, those persons having custody of Marshall shall forward to the Clerk of this court the $505.00 appellate filing fee.

(2)     If the funds in Marshall's prison account are less than $505.00, those persons having custody of Marshall shall—

(a)  make an initial partial payment to this court equal to the greater of the following amounts:

> (i)     20% of the average monthly deposits to Marshall's account for the 6-month period immediately preceding the date Marshall filed his notice of appeal; or
> (ii)     20% of the average monthly balance in Marshall's account for the aforementioned 6-month period.

(b)   make additional monthly payments of 20% of each preceding month's income credited to Marshall's account toward until the balance of the $505.00 fee is paid.  These additional monthly payments of 20% shall be deducted from Marshall's prison account each time the amount in this account exceeds $10.00 until the $505.00 filing fee is paid in full.

(3)     Where the appellate court enters a judgment against Marshall for payment of costs at the conclusion of the appeal, including any unpaid portion of the required $505.00 filing fee, those persons having custody of Marshall shall continue

making monthly payments in accordance with the installment plan outlined herein in (2)(b) above until the full amount of the ordered costs is paid.

To aid those persons having custody of Marshall in complying with the requirements of this order, the Clerk of this court is DIRECTED to furnish a copy of this order to the inmate account clerk at the federal correctional institution where Marshall is incarcerated.  The account clerk is advised that, if Marshall is transferred to another correctional institution, the account clerk shall furnish this order to the appropriate official at the institution where Marshall is transferred so that the custodial agency can assume the duties of collecting and forwarding any remaining monthly payments to this court.

Marshall is advised that if, before the $505.00 filing fee is paid in full, the appellate court disposes of the appeal—by dismissing the appeal for lack of jurisdiction, want of prosecution, or because it is frivolous, or by deciding the appeal on the merits—he remains obligated to pay the full $505.00 filing fee.  The filing fee will be collected from any funds which become available to Marshall and will be forwarded to this court by those persons having custody of Marshall pursuant to the directives contained in this order.

DONE this 16th day of November, 2022.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE